

BC

RECEIVED JKS
8/25/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James K. Bernard, Jr., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | Judge: **1:25-cv-10256** |
| Experian Information Solutions, Inc., | ) | **Judge Jorge L. Alonso** |
| | ) | **Magistrate Judge Keri L. Holleb Hotaling** |
| Defendant(s). | ) | **RANDOM/Cat** 2 |
| | ) | |

FILED
8/28/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

### I. INTRODUCTORY STATEMENT

1. This action is brought by Plaintiff, James K. Bernard Jr., an Illinois resident, against Defendant, Experian Information Solutions, Inc. ("Experian"), a nationwide consumer reporting agency, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. Defendant has engaged in unlawful and negligent credit reporting practices, including the failure to conduct a reasonable reinvestigation of disputed accounts, the continued publication of inaccurate tradeline information furnished by Midland Credit Management, Inc., and the refusal to provide a transparent Method of Verification ("MOV"). As a result of Experian's conduct, Plaintiff suffered significant financial and personal harm, including a reduction in credit score, the loss of a favorable home-equity line of credit opportunity, and emotional distress. Defendant's actions violated the FCRA's mandates to ensure maximum possible accuracy and to reasonably reinvestigate disputed information, resulting in measurable damage to Plaintiff's creditworthiness, finances, and overall well-being.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

4.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant regularly conducts business in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PARTIES

5.  Plaintiff, James K. Bernard Jr., is a natural person and resident of Chicago, Illinois. At all times relevant, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.  Defendant, Experian Information Solutions, Inc., is a foreign corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626. Experian regularly conducts business in the State of Illinois and nationwide, including furnishing consumer reports and reinvestigation results to Illinois residents, such as Plaintiff.

7.  Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

## IV. FACTUAL ALLEGATIONS

8.  In July 2024, while preparing for a home equity line of credit ("HELOC") application, Plaintiff obtained a professional appraisal of his residence at 844 N. Massasoit Avenue, Chicago, Illinois, which reflected sufficient equity to support favorable financing. In anticipation of underwriting, Plaintiff reviewed his credit reports and discovered that Experian was reporting two derogatory tradelines [ending in 5602 and 5604] furnished by Midland Credit Management, Inc. At that time, Plaintiff had not yet begun the formal dispute process but noted the tradelines as inaccurate and harmful.

9.  Because of the derogatory accounts, Plaintiff reasonably determined that the HELOC would either be denied outright or extended only on unfavorable terms. Given this risk,

and without accurate reporting from Experian, Plaintiff refrained from submitting the application, thereby losing the opportunity to access lower-cost financing secured by his home.

10. Following the inaccurate reporting of the Midland tradelines, Plaintiff's credit score dropped by nearly 40 points between March 2023 (when Defendant began reporting) and June 2025 (when the tradelines were removed). This decrease directly reduced Plaintiff's creditworthiness and limited access to favorable credit terms.

11. On or about February 1, 2025, Plaintiff submitted a written dispute to Experian pursuant to 15 U.S.C. § 1681i, challenging the accuracy of the Midland tradelines and providing documentation in support of his claim. This included evidence showing that Midland was allegedly unlicensed in Illinois and had failed to properly validate the debt.

12. On or about February 19, 2025, Experian responded with reinvestigation results that failed to resolve the disputed tradelines. Experian did not provide adequate documentation verifying the accuracy of the information or address Plaintiff's supporting evidence. The derogatory accounts remained.

13. On or about March 3, 2025, Plaintiff submitted a formal Method of Verification ("MOV") request pursuant to 15 U.S.C. § 1681i(a)(7), asking Experian to explain how it verified the disputed items and to provide documentation supporting the results of its reinvestigation.

14. On April 28, 2025, Experian emailed Plaintiff a reinvestigation summary stating that the accounts had been "updated or deleted," but failed to identify what specific changes were made, which account(s) were deleted, or whether Midland had provided any actual verification. No supporting documentation or furnisher response was included, and the communication lacked transparency, leaving Plaintiff uncertain about the status or outcome of the reinvestigation.

15. On May 5, 2025, Plaintiff sent Experian a final notice, reiterating the errors and enclosing new, relevant information—including evidence that Midland failed to validate the debt and lacked proper licensure. Plaintiff demanded immediate deletion of the Midland tradelines and warned of impending legal action if no corrective action was taken.

16. On May 9, 2025, Plaintiff submitted a formal complaint to the Consumer Financial Protection Bureau ("CFPB"), alleging Experian's failure to conduct a reasonable

reinvestigation and failure to provide an adequate MOV. In its July 8, 2025 response, Experian reiterated that it had contacted the data furnisher and confirmed the information as accurate. However, Experian failed to provide account-level documentation or any new information showing how this conclusion was reached.

17. Instead of addressing the specific errors or correcting the record, Experian relied on generic process descriptions and conclusory statements. Its refusal to meaningfully engage with Plaintiff's evidence, respond to the MOV request, or ensure maximum possible accuracy of the reported information constituted willful and/or negligent violations of 15 U.S.C. §§ 1681e(b) and 1681i(a).

18. Only after multiple disputes, warnings, and the filing of the CFPB complaint did Experian finally delete the Midland accounts. By that time, Plaintiff had already incurred measurable harm.

19. Defendant's failure to follow reasonable procedures, failure to reinvestigate adequately, and failure to explain or document its findings caused Plaintiff to suffer substantial financial and emotional damages. This includes the loss of access to a favorable HELOC, increased borrowing costs across other financial products, and emotional distress arising from the inability to correct false information despite diligent efforts.

## V. CAUSES OF ACTION
## COUNT I – VIOLATION OF FCRA: FAILURE TO REASONABLY REINVESTIGATE
### (15 U.S.C. § 1681i(a))

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and it compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties.

22. After Plaintiff submitted formal disputes to Experian beginning in February 2025, Experian was required, under 15 U.S.C. § 1681i(a)(2), to notify Midland of the disputes and conduct its own reinvestigation with respect to the disputed information.

23. Despite receiving Plaintiff's detailed disputes and supporting documentation, Experian failed to conduct a reasonable reinvestigation, failed to delete or correct the inaccurate Midland tradelines, and continued to report the accounts as accurate.

24. Experian's failure to conduct a reasonable reinvestigation and its continued reporting of inaccurate information violated 15 U.S.C. §§ 1681e(b) and 1681i(a).

25. As a direct and proximate result of Experian's violations, Plaintiff suffered actual damages, including a reduction in credit score, the denial or curtailment of favorable credit opportunities, the need to accept higher-cost financing, and emotional distress, frustration, and anxiety.

26. Experian's conduct was willful, or in the alternative, negligent, thereby entitling Plaintiff to statutory damages, actual damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II – VIOLATION OF FCRA: FAILURE TO FOLLOW REASONABLE PROCEDURES TO ENSURE MAXIMUM POSSIBLE ACCURACY (15 U.S.C. § 1681e(b))**

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

29. Experian prepared and maintained Plaintiff's consumer file and disseminated consumer reports that contained inaccurate, misleading, and incomplete information concerning two accounts [ending in 5602 and 5604] furnished by Midland Credit Management.

30. Experian failed to employ and follow reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b). This includes, but is not limited to, failing to meaningfully verify the accuracy of the Midland tradelines, disregarding relevant documentation submitted by Plaintiff, and failing to provide a Method of Verification in response to Plaintiff's request.

31. As a direct and proximate result of Experian's violation of § 1681e(b), Plaintiff suffered measurable harm, including emotional distress, frustration, damage to credit reputation, loss of time, and financial injury. Specifically, Plaintiff incurred appraisal expenses and was deterred from applying for a Home Equity Line of Credit (HELOC) despite having sufficient equity, resulting in the loss of favorable financing options.

32. Experian's conduct was negligent and entitles Plaintiff to actual damages under 15 U.S.C. § 1681o.

33. Alternatively, Experian's conduct was willful, entitling Plaintiff to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## VI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff James K. Bernard Jr. respectfully requests that this Court enter judgment in his favor and against Defendant Experian Information Solutions, Inc., and award the following relief:

34. Actual Damages – For damages sustained by Plaintiff as a direct and proximate result of Defendant's negligent and/or willful noncompliance with the FCRA, including but not limited to:

- Expenses for the property appraisal and loss of the opportunity to secure HELOC financing;
- Harm to credit reputation and loss of credit opportunities;
- Emotional distress, anxiety, and humiliation;
- Time lost in attempting to correct Experian's reporting failures;
- The amount of such damages to be proven at trial.

35. Statutory Damages – Up to $1,000 for each willful violation of the FCRA pursuant to 15 U.S.C. § 1681n, or in the alternative, actual damages under 15 U.S.C. § 1681o for negligent violations.

36. Punitive Damages – In an amount to be determined by the Court to punish Defendant and deter similar misconduct, pursuant to 15 U.S.C. § 1681n(a)(2).

37. Costs and Attorney's Fees – Under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

38. General Relief – All other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

/s/James K Bernard Jr.
James K Bernard Jr.
Pro Se Plaintiff
844 N. Massasoit Ave.
Chicago, IL 60651
(773) 398-8389
j_bernard0303@yahoo.com

Dated: August 25, 2025