**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(CHICAGO)**

| | |
|---|---|
| JAMES K. BERNARD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | CASE NO.: 1:25-cv-10256<br><br>Honorable Jorge L. Alonso |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its counsel, respectfully submits this memorandum of law in support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with prejudice. In support of its Motion, Experian state as follows:

## I. INTRODUCTION

Plaintiff's disputes to Experian constituted an impermissible collateral attack regarding the legality of his debts and the legality of Midland's conduct with respect to its handling of Plaintiff's debts. Such disputes are not actionable under the FCRA, which requires consumer reporting agencies to conduct reasonable investigations only of ***factual inaccuracies***. Plaintiff's disputes concern purported legal inaccuracies. Plaintiff's claims fail as a matter of law and his Complaint should be dismissed with prejudice.

## II. RELEVANT FACTUAL BACKGROUND

This action concerns alleged violations of the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. § 1681, *et seq.*, arising out of Experian's[1] alleged failure to conduct a reasonable reinvestigation of pro se Plaintiff, James K. Bernard, Jr.'s ("Plaintiff"), disputes regarding Experian's reporting of two Midland Credit Management, Inc. ("Midland") accounts in Plaintiff's name on Plaintiff's credit report. *See* Complaint (Compl.), ¶¶ 8, 11, 15, Dkt. No. 1. Specifically, Plaintiff claims he submitted disputes to Experian on or about February 1, 2025 and May 5, 2025 in which he challenged the accuracy of Experian's reporting of the Midland accounts because "Midland was allegedly unlicensed in Illinois and had failed to properly validate [Plaintiff's] . . . debt[s]." *Id.* at ¶¶ 11, 15. Based on the foregoing, Plaintiff alleges Experian violated § 1681i(a) of the FCRA. *Id.* at ¶ 24.

Plaintiff also alleges that the foregoing conduct, as well as Experian's alleged failure to provide a proper "Method of Verification" under § 1681i(a)(7) of the FCRA, proves that Experian failed to maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's consumer report in violation of § 1681e(b) of the FCRA. Compl. at ¶ 30.

## III. LEGAL STANDARD

The Court must grant a motion to dismiss where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the Complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

---

[1] Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79. Further, the Court need not accept "legal conclusions and conclusory allegations merely reciting the elements of the claim." *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Therefore, in order to avoid dismissal, the Complaint must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *See Twombly*, 550 U.S. at 557. Since the Complaint contains no such factual allegations, the Motion should be granted.

While Courts may apply a more liberal pleading standard to pro se complaints, a pro se plaintiff still must provide the defendants with adequate notice of the claims against them. *See Richee v. Velasco*, No. 02 C 7761, 2002 U.S. Dist. LEXIS 21217, at *3 (N.D. Ill. Nov. 1, 2002) (While "pleadings of pro se litigants are to be viewed through a generous lens," pro se litigants "must still comply with the general standards applicable to all litigants."). In other words, a plaintiff must plead a "plausible claim for relief"—one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

## IV. ARGUMENT

### a. Plaintiff's §§ 1681i and 1681e(b) Claims Fail because Plaintiff Failed to Plead that he Disputed a Factual Inaccuracy in Experian's Reporting of the Midland Accounts

Plaintiff's disputes that challenged Experian's reporting of his Midland accounts as inaccurate because Midland was not properly licensed under Illinois law and because Midland failed to validate the debts are not factual inaccuracies and are therefore, not actionable under the FCRA. Plaintiff's claims under §§ 1681i(a) and 1681e(b) fail as a matter of law.

A threshold element for claims under §§ 1681i(a) and 1681e(b) of the FCRA is that there must be a ***factual inaccuracy*** in the consumer's credit report. *See Soyinka v. Wakefield & Assocs.*, No. 20-cv-01778, 2021 U.S. Dist. LEXIS 254454, at *2-3 ("A threshold requirement for claims under both sections is that there must be an inaccuracy in the consumer's credit report . . . . [i]n this context, an 'inaccuracy' means a factual inaccuracy, as opposed to a legal inaccuracy.") (citing *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566-67 (7th Cir. 2021)); *see also Denan v. Trans Union LLC*, 959 F.3d 290, 297 (7th Cir. 2020) ("[W]e likewise interpret inaccurate information under § 1681i to mean factually inaccurate information, as consumer reporting agencies are neither qualified nor obligated to resolve legal issues."). "Consumer reporting agencies are statutorily obligated to prevent and reinvestigate [factual inaccuracies] . . . but are neither obligated nor qualified to resolve . . . [legal inaccuracies]." *Soyinka*, 2021 U.S. Dist. LEXIS 254454, at *3. "Only a court or other tribunal—not a reporting agency—can determine a legal inaccuracy." *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5 (citation omitted).

"Paradigmatic examples of factual inaccuracies within credit reports include incorrectly named debtors or incorrect debt amounts . . . . [l]egal inaccuracies, on the other hand, pertain to debt which violates the law." *Soyinka*, 2021 U.S. Dist. LEXIS 254454, at *3 (citations omitted). Ultimately, "[t]o determine whether an inaccuracy is factual or legal, courts must determine 'whether the alleged inaccuracy turns on ***applying*** law to facts or simply ***examining*** the facts alone.'" *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5 (citation omitted).

The Seventh Circuit Court of Appeals' decision in *Denan v. Trans Union LLC*, is particularly instructive, and controlling, here. In *Denan*, the plaintiffs alleged consumer reporting agency Trans Union LLC ("Trans Union") violated §§1681i(a) and 1681e(b) of the FCRA when Trans Union reported, and then failed to investigate the plaintiffs' disputes regarding, certain debts

the plaintiffs claimed were legally unenforceable due, in part, to the fact that the entity that issued the loans lacked the proper license to make the loans. *See* 959 F.3d at 293; *see also Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5 (summarizing *Denan*). The *Denan* Court found that the plaintiffs' claims under both §§ 1681i(a) and 1681e(b) failed as a matter of law because the plaintiffs disputed only legal inaccuracies – *i.e.*, whether the debts were legally valid – rather than factual inaccuracies. 959 F.3d at 296 ("In this conclusion we join the First, Ninth, and Tenth Circuits in holding that a consumer's defense to a debt 'is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'") (citations omitted).

Plaintiff's disputes to Experian in this case are strikingly similar to those of the plaintiffs in *Denan*. Here, Plaintiff claims that Experian reported inaccurate information about his Midland accounts because Midland "lacked proper licensure" and because Midland failed to "validate" his debts. *See* Compl. at ¶¶ 11, 15.[2] However, both of these alleged inaccuracies are legal in nature and only appropriate for a court to resolve, not a consumer reporting agency like Experian. *See Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5. For example, in order to determine whether Midland's reporting of Plaintiff's accounts was inaccurate due to its "lack[] [of] proper licensure" Experian would have had to – at the very least – ascertain which Illinois licensure law applied to Midland (if any), investigate whether Midland held the proper license, and then analyze the import

[2] "Validation" of a debt is a process set forth in the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692g(a)(4) (requiring a debt collector to provide a disclosure to consumers that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt."); 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt.").

of Midland's lack of licensure on the legal status and validity of the accounts Midland was reporting.

The analysis of Plaintiff's "failure to validate claim" is similar. To determine whether Midland's reporting of the accounts was inaccurate due to its failure to properly "validate" Plaintiff's debts under the FDCPA, Experian would have had to analyze whether the FDCPA applies to Midland,[3] whether Plaintiff's requests to Midland to "validate" his debts were actionable under § 1692g(b), whether Midland properly validated Plaintiff's debts under the FDCPA, and whether any resulting violation of the FDCPA by Midland had an impact on the legal validity of Plaintiff's debts. Both of these aforementioned inquiries are clearly legal determinations that Experian is not equipped, nor required, to make. *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5. Accordingly, Plaintiff has failed to plead a factual inaccuracy in his credit report and his claims under §§ 1681i(a) and 1681e(b) of the FCRA fail as a matter of law.[4]

This Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff cannot amend his Complaint in any way that would cure the deficiencies outlined above. *See Sykes*, 2025 U.S.

---

[3] This inquiry, by itself, requires numerous other legal determinations. For example, the FDCPA applies only to the actions of "debt collectors" who are collecting "debts." Both of those terms have specific meanings under the FDCPA. *See* 15 U.S.C. §§ 1692a(5)-(6). Accordingly, Experian would have had to analyze and attempt to apply the text of the FDCPA to a third-party, Midland, before it could even move on to trying to determine whether Midland had violated the FDCPA and the impact of that violation on Plaintiff's debts.

[4] Nor is Plaintiff's allegation that Experian allegedly failed to provide him with the method of verification of the debt sufficient to support Plaintiff's claim under § 1681e(b). Initially, the alleged failure to provide the method of verification is not a factual inaccuracy regarding information included in Plaintiff's credit report. Additionally, courts have held that a consumer reporting agency's alleged failure to provide a consumer with the method of verification cannot support a claim under § 1681e(b). *See Artis v. Experian & TransUnion*, No. 5:24-cv-0902, 2025 U.S. Dist. LEXIS 50953, at *7 n.7 (E.D. Pa. Mar. 19, 2025) (holding that allegations that the consumer reporting agency defendants failed to respond to the plaintiff's method of verification request under a separate, but analogous, section of the FCRA "does not state a claim under section 1681e(b).").

Dist. LEXIS 116355, at *16 ("As the dismissal is based on an issue of law, and Plaintiff has not in any event requested leave to amend, the Court concludes that amendment of the complaint would be futile. The dismissal is therefore with prejudice and final judgment will be entered.").

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

DATED: October 21, 2025 **EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/ Stephen D. Lozier*

Stephen D. Lozier
Troutman Pepper Locke LLP
111 S. Wacker Dr., Ste. 4100
Chicago, IL 60606
Telephone: (312) 759-3203
Facsimile: (312) 759-1939
Email: stephen.lozier@troutman.com
*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy was also served upon the following party by email and U.S. mail:

James K. Bernard Jr.
844 N. Massasoit Ave.
Chicago, Illinois 60651
J_bernard0303@yahoo.com
*Plaintiff Pro Se*

*/s/ Stephen D. Lozier*
Stephen D. Lozier

*Counsel for Defendant Experian Information Solutions, Inc.*