BC
FILED
11/18/2025
VJD
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James K. Bernard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-10256 |
| v. | ) | |
| | ) | Honorable Jorge L. Alonso |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Experian Information Solutions, Inc. ("Experian") moves to dismiss this Fair Credit Reporting Act ("FCRA") action under Rule 12(b)(6), contending that Plaintiff fails to allege a factual inaccuracy and that his alleged injuries are insufficiently concrete.
Experian mischaracterizes both the pleadings and the governing law.

Plaintiff adequately pleads that Experian:

1. Published materially false and misleading collection tradelines furnished by Midland Credit Management, Inc. ("Midland");

2. Failed to conduct a reasonable reinvestigation following multiple disputes; and

3. Ignored requests for a proper Method of Verification ("MOV").

These allegations state cognizable claims under 15 U.S.C. §§ 1681e(b) and 1681i(a). The Complaint also details tangible and emotional harms sufficient for Article III standing. Experian's motion should therefore be denied in its entirety.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency—not the merits—of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Dismissal is improper if the complaint states a plausible claim for relief. *Crabtree v. Experian Info. Sol.*, 948 F.3d 872, 879 (7th Cir. 2020).

## III. PLAINTIFF PLEADS A FACTUAL AND MISLEADING INACCURACY

### A. Experian Misrepresents the Nature of the Dispute

Experian relies on *Denan v. Trans Union LLC*, 959 F.3d 290 (7th Cir. 2020), arguing that Plaintiff's challenge turns solely on "legal" issues outside the CRA's competence. That misreads the Complaint.

While Plaintiff referenced Midland's state licensing and cease-and-desist correspondence, those items served only as context for his core factual contention: that Experian was publishing materially inaccurate and unverified data about the Midland tradelines appearing in his credit report.

The Seventh Circuit draws a narrow line between legal and factual disputes. Consumer reporting agencies are not "tribunals resolving contract enforceability," but they must ensure the factual accuracy of the data they publish. *Denan*, 959 F.3d at 296 (legal invalidity outside CRA duty);

*Chuluunbat v. Experian Info. Sols.*, 4 F.4th 562 (7th Cir. 2021); *Frazier v. Equifax Info. Servs.*, LLC, No. 23-2355 (7th Cir. Aug. 6, 2024).

Plaintiff's dispute did not ask Experian to decide whether Midland was legally licensed; it asserted that reporting those accounts as open, delinquent, and owed was factually false and materially misleading after Experian received notice that Midland could not verify or document the debts. That factual dispute is squarely within Experian's statutory obligations under §§ 1681e(b) and 1681i(a).

**B. Seventh Circuit Precedent Recognizes "Materially Misleading" Reports as Actionable**

In *Crabtree*, the Seventh Circuit confirmed that a credit entry is inaccurate if it "misleads in such a way and to such an extent that it can be expected to have an adverse effect." 948 F.3d at 877. Similarly, *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800 (7th Cir. 2023), held that omissions can constitute inaccuracies when they distort the factual picture of a consumer's creditworthiness. Together, these cases establish that "accuracy" means more than technical truth — a report is inaccurate when it fails to convey a factually accurate and complete representation.

Experian's reports portrayed Plaintiff as owing two active debts despite clear notice that Midland had failed to validate them. Those entries were therefore factually misleading and actionable under Seventh Circuit law.

**C. Experian's Statutory Duty Arises Even When Disputes Reference Legal Issues**

The FCRA does not permit a CRA to ignore a dispute that contains legal references if it also calls into question factual accuracy. *Chaitoff*, 79 F.4th at 810 ("'Accurate' under the FCRA means more than technically correct — CRAs must prevent factually incomplete or misleading entries.").

Thus, even if Plaintiff's dispute letters included licensing context, Experian remained statutorily obligated to conduct a reasonable reinvestigation of the actual data it published — balances, status, dates, and verification source.

## IV. EXPERIAN FAILED TO CONDUCT A REASONABLE REINVESTIGATION

Plaintiff alleges he filed multiple written disputes and a March 3, 2025 Method of Verification (MOV) request. Experian's results stated only that Midland had "verified" the accounts as accurate but provided no documentation or description of how such verification occurred. Experian's response did not address the materials Plaintiff submitted and used only generic form language.

Although Experian later deleted the Midland tradelines in July 2025 following CFPB involvement, it never explained why the same data had been considered "verified" only months earlier. That sequence demonstrates an unreasonable and non-compliant investigation under § 1681i(a), consistent with the deficiency flagged in *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994). A CRA cannot simply "parrot" a furnisher's response without independent review. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).*

### Reasonable Reinvestigation Standard

A "reasonable reinvestigation" under 15 U.S.C. § 1681i(a) requires a consumer reporting agency to do more than simply confirm information with the furnisher. The FCRA obligates Experian to conduct an independent and good-faith inquiry into the accuracy of disputed data. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994). When a consumer provides reason to doubt a furnisher's reliability or supplies supporting evidence, Experian must go beyond automated verification and seek actual documentation or clarification from the furnisher. *Cushman v. Trans*

*Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997). The Seventh Circuit likewise recognizes that a reinvestigation is unreasonable if it "merely parrot[s]" a furnisher's response without assessing its accuracy. *Crabtree v. Experian Info. Sols.*, 948 F.3d 872, 880 (7th Cir. 2020). Experian's handling of Plaintiff's dispute — issuing a generic "verified" result without explanation or documentation — reflects a cursory, automated process rather than the careful inquiry required by law.

**Application to Plaintiff's Dispute**

Plaintiff's experience exemplifies the kind of superficial process condemned by these cases. After receiving Plaintiff's detailed written dispute on February 1, 2025, Experian issued reinvestigation results on February 19, 2025, stating only that Midland had "verified" the accounts. Experian provided no documentation, identified no source, and offered no explanation of what records were reviewed. When Plaintiff submitted a Method of Verification request on March 3, 2025, Experian again failed to describe its process or identify any supporting materials. The same Midland tradelines remained until July 2025 — when, following Plaintiff's CFPB complaint, Experian finally deleted them. This sequence shows that Experian's initial "verification" was not based on any meaningful review but on an automated, one-step confirmation with the furnisher, falling far short of the reasonableness required by § 1681i(a).

**Clarifying Paragraph**

Importantly, Plaintiff's claim does not depend on whether Midland's tradelines were ultimately accurate. The FCRA imposes on Experian an independent duty to conduct a reasonable reinvestigation once a consumer dispute is received, regardless of the dispute's eventual merit. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).* Even if the underlying information were correct, Experian's failure to meaningfully verify it — by relying on

unsubstantiated confirmations rather than reviewing actual documentation — constitutes a violation of § 1681i(a). Plaintiff's allegations therefore challenge Experian's process, not merely Midland's accuracy, and must proceed beyond the pleading stage.

**Conclusion of Reinvestigation Section**

Taken together, these facts establish more than a procedural misstep — they demonstrate that Experian's reinvestigation was perfunctory and devoid of the independent scrutiny required by the FCRA. Because the adequacy of a reinvestigation is a fact-intensive inquiry unsuitable for resolution on a motion to dismiss, Experian's arguments must be rejected at this stage.

## V. PLAINTIFF SUFFERED CONCRETE AND PARTICULARIZED INJURIES

Experian's continued publication of inaccurate collection accounts caused real-world harm:

1. Credit Score Suppression.

   Plaintiff's Experian credit score dropped approximately 40 points due to the Midland tradelines and remained suppressed until their removal in 2025. Score suppression is a recognized harm under FCRA damages jurisprudence.

2. Lost Credit Opportunity.

   Plaintiff obtained a professional appraisal in July 2024 in preparation for a HELOC, then reasonably refrained from applying after reviewing Experian's report showing two derogatory Midland tradelines. Foregone credit on worse terms or at higher cost constitutes a concrete injury and supports actual damages. See, e.g., *Tarter v. J.P. Morgan Chase Bank, N.A.*, No. 1:13-cv-00627, 2014 WL 3955986, at *6–7 (S.D. Ind. Aug. 13, 2014) (credit-score reduction can yield higher borrowing costs and is cognizable actual damage); *Evon v. Trans Union LLC*, 629 F. Supp. 2d 208, 217–18 (N.D.N.Y.

2009) (score impact affecting ability to obtain credit supports FCRA damages). Those persuasive decisions fit comfortably within Seventh Circuit standing principles post-*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), which require a real-world disadvantage (here, a reasonably avoided application after seeing Experian's inaccurate file).

3. Emotional Distress and Time Loss.

   Plaintiff experienced anxiety, chest tightness, and sleep disruption tied directly to Experian's refusal to correct the errors. He began therapy in October 2025 and follows coping strategies such as journaling and cycling to manage litigation-related stress. He also lost substantial time disputing, documenting, and monitoring Experian's reporting.

These injuries reflect the concrete harms Congress sought to prevent — the loss of credit opportunity, reputational damage, and emotional distress caused by inaccurate consumer data. Such harms satisfy *Spokeo v. Robins*, 578 U.S. 330 (2016), and confirm standing under *Persinger v. Sw. Credit Sys.*, LP, 20 F.4th 1184, 1192 (7th Cir. 2021) and *Crabtree*, 948 F.3d at 877.

Experian's deletion of the tradelines further demonstrates that inaccurate data existed and inflicted actual harm during the period of publication.

## VI. FAILURE TO PROVIDE A METHOD OF VERIFICATION IS ACTIONABLE

Section 1681i(a)(6)(B)(iii) requires a CRA, upon request, to describe "the procedure used to determine the accuracy and completeness" of disputed information.

Plaintiff's March 3, 2025 MOV request sought precisely that.

Experian's refusal to identify its verification source or furnish documentation deprived Plaintiff of his statutory right to assess the reinvestigation's reliability—a substantive violation supporting liability under § 1681i.

See *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("[A] reinvestigation that merely parroted information received from the original source without verification was unreasonable.").

## VII. ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED

If any pleading deficiency exists, dismissal with prejudice is improper. Rule 15(a)(2) provides that leave to amend should be freely given. Plaintiff can provide additional detail and further documentation if granted leave.

## VIII. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant Experian's Motion to Dismiss in full, or alternatively grant leave to amend under Rule 15(a)(2).

Respectfully submitted,

/s/*James K Bernard Jr.*
James K Bernard Jr.
Pro Se Plaintiff
844 N. Massasoit Ave.
Chicago, IL 60651
(773) 398-8389
j_bernard0303@yahoo.com

Dated: November 18, 2025

## CERTIFICATE OF SERVICE

I, James K. Bernard Jr., certify that on November 18, 2025, I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system.

I further certify that a copy of this document was served on Defendant's counsel via the Court's CM/ECF electronic notification system to the below-listed counsel of record:

Stephen D. Lozier
Troutman Pepper Hamilton Sanders LLP
111 S. Wacker Dr., Ste. 4100
Chicago, IL 60606
Email: *stephen.lozier@troutman.com*

/s/*James K. Bernard Jr.*
James K. Bernard Jr.