**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(CHICAGO)**

| | |
|---|---|
| JAMES K. BERNARD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | CASE NO.: 1:25-cv-10256<br><br>Honorable Jorge L. Alonso |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its counsel, respectfully submits this Reply in support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with prejudice (the "Motion"). In further support of its Motion, Experian states as follows:

## I. ARGUMENT

### a. Plaintiff's Response in Opposition Confirms that he did not Dispute a Factual Inaccuracy in Experian's Reporting of his Midland Accounts

Plaintiff claims that Experian's Motion misrepresents the nature of Plaintiff's disputes. However, as Plaintiff readily admits in his Response, the underlying premise for Plaintiff's disputes – in other words, the entire bases for which Plaintiff alleges Experian's reporting of the accounts were "inaccurate" – is the claim that "Midland could not verify or document the debts" and "had failed to validate them." Pl's Opposition ("Opp.") at 3, Dkt. No. 21 (stating that "Midland's state licensing and cease-and-desist correspondence . . . served . . . as context for his core factual contention . . . [that] Experian was publishing materially inaccurate and unverified

data"). Plaintiff does not identify any other information about his Midland accounts – either in his Complaint or his Response – that Experian inaccurately reported.[1] Accordingly, Experian's reporting of the Midland accounts would have been inaccurate only if Midland's purported failure to hold a proper state license and failure to properly validate the debts under the Fair Debt Collection Practices Act invalidated the debts or somehow prevented Midland, or Experian, from reporting the debts. These are indisputably legal inaccuracies or legal questions, **not** factual inaccuracies. *See Soyinka v. Wakefield & Assocs.*, No. 20-cv-01778, 2021 U.S. Dist. LEXIS 254454, at *3 (N.D. Ill. Nov. 24, 2021) ("Paradigmatic examples of factual inaccuracies within credit reports include incorrectly named debtors or incorrect debt amounts . . . . [l]egal inaccuracies, on the other hand, pertain to debt which violates the law."). Plaintiff has failed to meet a threshold element to support his claims under §§ 1681i(a) and 1681e(b) of the Fair Credit Reporting Act ("FCRA") and these claims, and Plaintiff's Complaint, fail as a matter of law. *See Soyinka*, 2021 U.S. Dist. LEXIS 254454, at *2-3 ("A threshold requirement for claims under both sections is that there must be an inaccuracy in the consumer's credit report . . . . [i]n this context, an 'inaccuracy' means a factual inaccuracy, as opposed to a legal inaccuracy.") (citing *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 566-67 (7th Cir. 2021)).[2]

---

[1] Plaintiff includes a conclusory sentence in his Response that claims he disputed Experian's reporting of the accounts as "open, delinquent, and owed" as "factually false and materially misleading." Pl's Opp. at 3. However, Plaintiff then concludes that same sentence with the reason he claims the reporting of the accounts as "open, delinquent, and owed" was purportedly "factually false;" because "Midland could not verify or document the debts." *Id.* (emphasis added).

[2] Plaintiff argues that consumer reporting agencies are required to investigate disputes that "contain[] legal references if it also calls into the question factual inaccuracy." *See* Pl's Opp. at 3 (citing *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 810 (7th Cir. 2023)). *Chaitoff* does not support Plaintiff's position and instead, supports Experian's position. The Court in *Chaitoff* recognized that "legal disputes amount to collateral attacks on the disputed debt" and that such attacks are not cognizable under the FCRA. 79 F.4th at 815. The *Chaitoff* Court then found that whether the plaintiff's "trial period plan" for his mortgage "existed" was a factual, not legal,

This Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff cannot amend his Complaint in any way that would cure the deficiencies outlined above. *See Sykes v. Experian Info. Sols., Inc.*, No. 1:22-cv-07033, 2025 U.S. Dist. LEXIS 116355, at *16 (N.D. Ill. June 18, 2025) ("As the dismissal is based on an issue of law, and Plaintiff has not in any event requested leave to amend, the Court concludes that amendment of the complaint would be futile. The dismissal is therefore with prejudice and final judgment will be entered.").

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

DATED: December 5, 2025 **EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/ Stephen D. Lozier*

Stephen D. Lozier
Troutman Pepper Locke LLP
111 S. Wacker Dr., Ste. 4100
Chicago, IL 60606
Telephone: (312) 759-3203
Facsimile: (312) 759-1939
Email: stephen.lozier@troutman.com
*Counsel for Defendant Experian Information Solutions, Inc.*

---

question that a consumer reporting agency could determine. *Id.* at 815. Unlike the plaintiff in *Chaitoff*, Plaintiff's disputes in this case – that Midland was not properly licensed and failed to validate the debts, and therefore his debts to Midland should not have been reported – are the exact type of "collateral attacks" that the Seventh Circuit in *Chaitoff* reaffirmed are not cognizable under §§ 1681i or 1681e(b) of the FCRA.

In any event, even if Plaintiff was correct in his recitation of *Chaitoff*, he has failed to dispute any factual inaccuracy in Experian's reporting of his Midland debts.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy was also served upon the following party by email and U.S. mail:

James K. Bernard Jr.
844 N. Massasoit Ave.
Chicago, Illinois 60651
J_bernard0303@yahoo.com
*Plaintiff Pro Se*

*/s/ Stephen D. Lozier*
Stephen D. Lozier

*Counsel for Defendant Experian Information Solutions, Inc.*