**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| James K. Bernard, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-10256 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James K. Bernard, Jr. sues Experian Information Solutions, Inc. under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that it failed to follow reasonable reporting procedures and to reasonably reinvestigate and remove inaccurate debt information on his credit report. Dkt. 1. Experian moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. Dkt. 17. For the following reasons, Defendant's motion is granted and Plaintiff's complaint is dismissed without prejudice.

**Legal Standards**

**A. Federal Rule of Civil Procedure 12(b)(6)**

The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. P. 8(a)(2). Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of a plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018). The Court must also consider additional facts set forth in a plaintiff's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). However, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Community Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 825 (7th Cir. 2018). The pleadings of *pro se* litigants are construed liberally, but even *pro se* litigants must comply with the Federal Rules of Civil Procedure and provide defendants with fair notice of their claims and the grounds upon which they rest. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

**B. Sections 1681e(b) and 1681i(a) of the FCRA**

Consumer reporting agencies ("CRAs") generate credit reports, which compile information about a consumer provided by furnishers, which are typically the consumer's creditors. *See* 15 U.S.C. § 1681a(c)-d), (f); 12 C.F.R. § 1022.41(c). Individual entries on a credit report are referred to as "tradelines." *See Soyinka v. Equifax Information Services, LLC*, 486 F. Supp. 3d 1232, 1234 (N.D. Ill. 2020). Under the FCRA, CRAs are required to adopt processes to ensure that the information they report is accurate. *See* 15 U.S.C. §§ 1681e(b), 1681i(a). Section 1681e(b) of the FRCA directs CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information" they include in credit reports. 15 U.S.C. § 1681e(b). If a consumer notifies a CRA of a dispute concerning a tradeline, Section 1681i(a) requires the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" and specifies

2

procedures for the CRA to notify the furnisher, conduct a reinvestigation, and resolve the dispute. *Id*. at § 1681i(a).

### Background

Here, Plaintiff, a consumer, brings suit against Experian, a CRA, for its failure to reinvestigate and remove two tradelines furnished by Midland Credit Management, Inc. from his credit report under 15 U.S.C. § 1681i(a) (Count I) and for Experian's failure to follow reasonable procedures to ensure maximum possible accuracy in its reporting under 15 U.S.C. § 1681e(b) (Count II). Plaintiff's complaint contains the following allegations.

In July 2024, Plaintiff reviewed his credit report and discovered that Experian was reporting two derogatory tradelines furnished by Midland. Dkt. 1 at ¶ 8. On February 1, 2025, Plaintiff submitted a written dispute to Experian challenging the accuracy of the Midland tradelines and providing documentation in support of his claim, including evidence showing that Midland was allegedly unlicensed in Illinois and had failed to properly validate the debt. *Id*. at ¶ 11. On February 19, 2025, Experian responded with reinvestigation results and did not remove the Midland tradelines from Plaintiff's credit report. *Id*. at ¶ 12. On March 3, 2025, Plaintiff requested that Experian explain how it verified the disputed items and provide documentation supporting the results of its reinvestigation. *Id*. at ¶ 13. On April 28, 2025, Experian sent Plaintiff a reinvestigation summary stating that the accounts had been "updated or deleted." *Id*. at ¶14. On May 5, 2025, Plaintiff reiterated the errors, enclosed new information, demanded immediate deletion of the Midland tradelines, and threatened legal action. *Id*. at ¶ 15. On May 9, 2025, Plaintiff submitted a formal complaint to the Consumer Financial Protection Bureau. *Id*. at ¶ 16. On July 8, 2025, Experian responded to the CFPB complaint, and reiterated that it had contacted Midland and confirmed the information was accurate, but provided no further detail. *Id*. Experian then removed

the Midland accounts from Plaintiff's credit report. *Id*. at ¶ 18. Plaintiff then brought this suit seeking damages under the FCRA.

## Discussion

"To state a claim under [either Section 1681e(b) or 1681i(a) of the FCRA], a consumer must sufficiently allege that her credit report contains 'inaccurate' information." *Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994). The terms "accuracy" and "inaccurate" in Sections 1681e(b) and 1681i(a) of the FCRA refer only to factual errors, not to possible legal defenses to the debt. *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020). Thus, while Section 1681e(b) requires CRAs to adopt "'reasonable procedures' to ensure accuracy," it does not require them to evaluate "non-adjudicated legal defenses to [consumers'] debts." *Id*. at 295. Likewise, while Section 1681i(a) "requires consumer reporting agencies to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate,'" they are "neither qualified nor obligated to resolve legal issues." *Id*. at 296; *see also id.* at 295 ("Only a court can fully and finally resolve the legal question of a loan's validity."). "The paradigmatic example of a legal dispute is when a consumer argues that although his debt exists and is reported in the right amount, it is invalid due to a violation of law… examples of factual inaccuracies include the amount a consumer owes, and what day a consumer opened an account or incurred a payment." *Chuluunbat v. Experian Information Solutions, Inc.*, 4 F.4th 562, 567-68 (7th Cir. 2021) (explaining that dismissal was proper because "plaintiffs' allegations that the creditors did not own their debts are not factual inaccuracies that the consumer reporting agencies are statutorily required to guard against and reinvestigate, but primarily legal issues outside their competency"); *see also Sykes v. Experian Info. Sols. Inc.*, 2025 WL 1707713, at *6 (N.D. Ill. June 18, 2025) ("To

4

determine whether an inaccuracy is factual or legal, courts must determine whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone.").

In his Complaint, Plaintiff alleges that he "noted [to Experian] the tradelines as inaccurate and harmful" and "challeng[ed] the accuracy of the Midland tradelines and provid[ed] documentation in support of his claim… includ[ing] evidence showing that Midland was allegedly unlicensed in Illinois and had failed to properly validate the debt."  Dkt. 1 at ¶¶ 8, 11. Plaintiff's allegations are vague, but they are open to the interpretation that they implicate a factual dispute, to the extent that they suggest that Experian's reporting of the Midland tradelines was inaccurate in some objective way, and that he submitted evidence showing that Midland was allegedly unlicensed in Illinois and had failed to properly validate the debt in support of that dispute. Plaintiff argues that, "[w]hile Plaintiff referenced Midland's state licensing and cease-and-desist correspondence, those items served only as context for his core factual contention: that Experience was publishing materially inaccurate and unverified data about the Midland tradelines appearing in his credit report."  Dkt. 21 at 2. He further argues that "Experian's deletion of the tradelines further demonstrates that inaccurate data existed…" *Id*. at 7.

But even construing the complaint in Plaintiff's favor and drawing all reasonable inferences in his favor, Plaintiff's allegations do not state a claim. At no point does the complaint specify *how* Experian's reporting of the Midland tradelines was inaccurate, such as the amount owed, the day Plaintiff opened the accounts, or the day Plaintiff incurred a payment. *See Chuluunbat*, 4 F.4th at 568. And Plaintiff's allegation that Experian ultimately removed the Midland tradelines from his credit report does not save his claims; the Seventh Circuit has made clear that the FCRA is not a strict liability statute and has stated that "[m]istakes in compiling and reporting [credit] information are inevitable." *Chaitoff v. Experian Info. Solutions, Inc.*, 79 F.4th

800, 808 (7th Cir. 2023). The additional allegations found in Plaintiff's briefing do not provide sufficient clarity either. There, Plaintiff alleges that he "asserted that reporting [the Midland] accounts as open, delinquent, and owed was factually false." Dkt. 21 at 3. This is not enough. While the Court is obligated to draw reasonable inferences in Plaintiff's favor, it is not obligated to, nor will it, speculate as to the factual circumstances that give rise to Plaintiff's claims. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[P]laintiffs' factual allegations must be enough to raise a right to relief above the speculative level… [I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law… [T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). Plaintiff's allegations do not "identify a straightforward dispute that the reporting agency failed to resolve or investigate," and thus he fails to provide Experian with fair notice of the basis of the claims he asserts against it. *Soyinka*, 486 F.Supp.3d at 1238.

As such, the Court grants Defendant's motion to dismiss without reaching the parties' reinvestigation arguments. However, Plaintiff has not yet pled himself out of an actionable claim. The high level of generality of Plaintiff's allegations means that amendment would not necessarily be futile, and thus Plaintiff may amend his complaint to specify the factual dispute he raised with Experian, if any.

**Conclusion**

6

Defendant's motion to dismiss is granted and the complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint by July 21, 2026. Failure to do so will result in dismissal of this case for want of prosecution.

**SO ORDERED.**                                                    **ENTERED: June 30, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

7